ClerkConnect - Multi-Parish Clerk of Court online access portal
(/Content/Help/helpv7.pdf)

- East Baton Rouge Parish

**Balance $**

PMB19thJDC ▾

---

BACK TO PREVIOUS PAGE

### C-757363
### WESLEY BLOCKER VS LIBERTY MUTUAL INSURANCE COMPANY

▾ PURCHASE PDF

**Date Filed:** 12/30/2024      **Kind:** Civil      **Division:** 23

**Date Last Active:** 01/08/2025      **Cause:** DM-Damages      **Suit Status:** Active

**Judge:** BALFOUR, KELLY

---

**CHRONOLOGICAL HISTORY (4)**      PARTIES (2)      ATTORNEYS (1)      MINUTES (0)

| Date | Type (All) | Description | Filed By |
|------|------|-------------|----------|
| 01/08/2025 | Service Return | Intended For: LIBERTY MUTUAL INSURANCE COMPANY<br>Item Served: CIT-CIV 2000<br>Served How: Corporation Services | |
| 01/08/2025 | | SERVICE RETURN FEE - LIBERTY MUTUAL INSURANCE COMPANY | HAIR, GALEN M. |
| 01/03/2025 | Document | CIT-CIV 2000 - LIBERTY MUTUAL INSURANCE COMPANY | |
| 12/30/2024 | | PET- DAMAGES -CIV | HAIR, GALEN M. |

**EXHIBIT A**

ClerkConnect.com Multi-Parish Clerk of Court online access portal

Version 4.0.1.0 (/content/Help/helpv7.pdf)

- East
Baton
Rouge
Parish

**Balance**
**$**

EAST BATON ROUGE PARISH
Filed Dec 30, 2024 12:18 PM
Deputy Clerk of Court
E-File Received Dec 27, 2024 4:04 PM

C-757363
23

Case 3:25-cv-00118-JWD-RLB    Document 1-2    02/07/25    Page 3 of 18

**19ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE**
**STATE OF LOUISIANA**

NO. _____                    DIV. _____

**WESLEY BLOCKER**

**VERSUS**

**LIBERTY MUTUAL INSURANCE COMPANY**

FILED: _____        _____
                                                    **DEPUTY CLERK**

<u>**PETITION FOR DAMAGES**</u>

    **NOW INTO COURT,** through undersigned counsel, comes petitioner, Wesley Blocker (hereinafter "Petitioner"), who files his Petition against Defendant, Liberty Mutual Insurance Company (hereinafter "Defendant" or "Liberty Mutual"), respectfully representing as follows:

**I. PARTIES**

**1.**

    Made Plaintiff herein is **WESLEY BLOCKER**, a person of the full age of majority domiciled in the Parish of East Baton Rouge, State of Louisiana.

**2.**

    Made Defendant herein **LIBERTY MUTUAL INSURANCE COMPANY**, a Massachusetts insurance company authorized to do and doing business in the State of Louisiana and the Parish of East Baton Rouge, which may be served through its Registered Agent for Service of Process: Corporation Service Agency, 450 Laurel Street 8ᵗʰ Floor, Baton Rouge, Louisiana 70801.

**II.  JURISDICTION AND VENUE**

**3.**

    Jurisdiction is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure, Article 2.

**4.**

Venue is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 76 as the loss occurred in East Baton Rouge Parish and the petitioner is domiciled in East Baton Rouge Parish.

## III. RELEVANT FACTS

### 5.

At all times relevant hereto, Petitioner owned the following individual properties in East Baton Rouge Parish:

1) 7929 Essen Cove Drive, Baton Rouge, Louisiana 70809
   (hereinafter individually "Property no.1")

2) 7830 Essen Cove Drive, Baton Rouge, Louisiana 70809
   (hereinafter individually "Property no.2")

3) 15022 Wax Myrtle Avenue, Baton Rouge, Louisiana 70817
   (hereinafter individually "Property no.3")

4) 15013 Wax Myrtle Avenue, Baton Rouge, Louisiana 70817
   (hereinafter individually "Property no.4")

5) 14930 Wax Myrtle Avenue, Baton Rouge, Louisiana 70817
   (hereinafter individually "Property no.5")

6) 10330 Springwind Court, Baton Rouge, Louisiana 70810
   (hereinafter individually "Property no.6")

7) 10036 Hackberry Drive, Baton Rouge, Louisiana 70809
   (hereinafter individually "Property no.7")

(hereinafter collectively "the properties" or "the insured properties")

### 6.

At all times relevant hereto, Liberty Mutual provided a policy of insurance for each property with the following Policy numbers and limits of insurance, which covered the properties against perils, including wind and hailstorms:

1) Property no. 1: Policy number H3F29823164540
   Dwelling coverage: $221,900
   Other Structures coverage: $22,190
   Loss of Use Coverage: $44,380

2) Property no. 2: Policy number H3F29810117240
   Dwelling coverage: $190,700
   Other Structures Coverage: $19,070
   Loss of Use Coverage: $38,140

3) Property no. 3: Policy number H3F29126261970

Dwelling Coverage: $260,500
Other Structures: $26,050
Loss Of Use Coverage: $52,100

4) Property no. 4: Policy number H3F29849128940
Dwelling Coverage: $215,000
Other Structures Coverage: $21,500
Loss of Use Coverage: $43,000

5) Property no. 5: Policy number H3F29184099740
Dwelling Coverage: $215,800
Other Structures Coverage: $21,580
Loss of Use Coverage: $43,160

6) Property no. 6: Policy number H3F29815222240
Dwelling Coverage: $190,700
Other Structures Coverage: $19,070
Loss of Use Coverage: $38,140

7) Property no. 7: Policy number H3F29810116140

Despite repeated requests for a copy of the Policy for Property No. 7, no such policy has been provided by Liberty Mutual.

**7.**

On or about January 24, 2023, a very powerful wind and hailstorm caused significant damage to the insured properties owned by Petitioner.

**8.**

Petitioner promptly reported the losses at the insured properties to Defendant, who assigned the following claim numbers (hereinafter collectively the "Claims"):

1) Property no. 1: claim number 052350707

2) Property no. 2: claim number 052350914

3) Property no. 3: claim number 052349935-01

4) Property no. 4: claim number 052350417

5) Property no. 5: claim number 052350333

6) Property no. 6: claim number 052350714

7) Property no. 7: claim number 052350607-01

**9.**

As soon as practicable, Petitioner took steps to mitigate the damage to his insured properties at his expense and to the best of his ability under the circumstances.

**10.**

Liberty Mutual, through hired field adjusters, evaluated the claims and the damage caused

by the wind and hailstorm and provided the following information:

1) Regarding Property no. 1, Liberty Mutual issued a denial of coverage on March 3, 2023, reasoning that the damage was due to wear, tear, and/or movement and settling of the home, and provided no payments to Petitioner.

2) Regarding Property no. 2, Liberty Mutual issued a letter on February 10, 2023 that stated the claim was being closed as a result of Defendant's inability to identify any damages. No payments were provided to Petitioner.

3) Regarding Property no. 3, Liberty Mutual issued a letter on February 9, 2023, that stated the roof required a full replacement but no interior damages were covered due to wear and tear. A payment of $14,310.38 was provided to Petitioner, which was wholly insufficient to bring the property back to its former status.

4) Regarding Property no. 4, Liberty Mutual issued a letter on February 20, 2023, that indicated prior payments of $14,276.50 were issued and a supplemental payment of $1,747.68 would also be issued; however, no explanation of coverage was provided.

5) Regarding Property no. 5, Liberty Mutual issued a letter on February 9, 2023, indicating the property required a full roof replacement but that interior damages predated the storm. Petitioner, upon information and belief, received a payment of $15,255.50 that was wholly insufficient to bring the property back to its former status.

6) Regarding Property no. 6, Liberty Mutual issued a letter on February 8, 2023, indicating a full roof replacement was warranted and a payment of $15,514.96 would be provided.

7) Regarding Property no. 7, Liberty Mutual issued a letter on March 3, 2023, indicating no payment would be forthcoming because the damages of $1,404.46 did not exceed the deductible of $2,313.00.

These inspections constituted satisfactory proof of loss, as that term is used in conjunction

with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**11.**

Soon thereafter, in January and February of 2023, Exact Building Consultants inspected

the insured properties on behalf of Petitioner and created estimates of damages for the dwellings,

which were submitted to Defendant on or around April 27, 2023, indicating the following damages

found at the insured properties:

1) Property no. 1: $37,041.99 in dwelling damages;

2) Property no. 2: $49,489.29 in dwelling damages;

3) Property no. 3: $49,415.96 in dwelling damages;

4) Property no. 4: $37,230.54 in dwelling damages;

5) Property no. 5: $40,572.88 in dwelling damages;

6) Property no. 6: $58,198.56 in dwelling damages;

7) Property no. 7: $47,840.34 in dwelling damages.

**12.**

On or around April 27, 2023, Exact Building Consultants' estimates of its inspections documenting damages to the insured properties were submitted to Defendant.

**13.**

These submissions constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**14.**

On or around April 2023, Defendant tendered the following meager payments as follows:

1) $14,310.38 for the insured Property no. 3, 15022 Wax Myrtle Avenue, Baton Rouge, Louisiana 70817;

2) $1,747.68 for the insured Property no. 4, 15013 Wax Myrtle Avenue, Baton Rouge, Louisiana 70817;

3) $15,255.50 for the insured Property no. 5, 14380 Wax Myrtle Avenue, Baton Rouge, Louisiana 70817; and

4) $14,514.96 for the insured property no. 6, 10330 Springwind Court, Baton Rouge, Louisiana 70810.

**15.**

Despite having already inspected all of the insured properties and already having multiple satisfactory proofs of loss, Liberty Mutual, through field adjusters, re-inspected the insured properties and revaluated the losses.

**16.**

Soon thereafter Defendant issued supplemental payment(s) as follows:

1) On or around May 10, 2023, $652.02 for insured property no. 5, 14930 Wax Myrtle Avenue, Baton Rouge, Louisiana 70817;

2) On or around July 6, 2023, $895.14 for the insured property no. 4, 15013 Wax Myrtle Avenue, Baton Rouge, Louisiana 70817;

3) On or around July 7, 2023, $902.63 for the insured property no. 6, 10330 Springwind Court, Baton Rouge, Louisiana 70810.

**17.**

As a result of Defendant's failure to timely and adequately compensate Petitioner for his substantial and covered losses, Petitioner was forced to incur the expense of retaining counsel and other expenses to prosecute his claim.

**18.**

To date, no additional insurance proceeds have been forthcoming.

**19.**

As a result of Defendant's failure to timely and adequately compensate Petitioner for his substantial and covered losses, the insured properties remain in a state of disrepair.

**20.**

Upon information and belief, Defendant's failure to timely and adequately compensate Petitioner for his loss, after receiving satisfactory proofs of loss, was purposeful or at least negligent.

**21.**

Upon information and belief, Defendant purposely and/or negligently misrepresented to Petitioner the terms and conditions of the Policies.

**22.**

Upon information and belief, Defendant conducted the investigation and claims handling for Petitioner's claims in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**23.**

Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

**24.**

Upon information and belief, Defendant purposely or at least negligently failed to include adequate overhead and profit in its estimate of damages.

**25.**

Petitioner has incurred or will incur additional expenses in repairing the insured properties as a result of Defendant's failure to timely compensate him for his substantial and covered losses.

**26.**

Petitioner has incurred or will incur professional expenses, including attorney's fees, to demonstrate that Defendant wrongfully failed to adequately and timely pay his Claims under the Policies.

## IV.    CAUSES OF ACTION

### A.  Breach of the Insurance Contract

**27.**

Petitioner realleges and re-avers the allegations contained in the above paragraphs, as if restated herein.

**28.**

Despite having adequate proofs of loss, Defendant failed to timely tender adequate funds under the Policies.

**29.**

Insurance contracts, the Policies, exists between Petitioner and Defendant.

**30.**

By purposely and/or negligently failing to timely tender undisputed insurance proceeds, Defendant breached the insurance contracts.

**31.**

By purposely and/or negligently misrepresenting to Petitioner the terms and conditions of the relevant Policies, Defendant breached the insurance contracts.

**32.**

By conducting the investigation and claims handling in bad faith, Defendant breached the insurance contracts.

**33.**

By failing to adequately compensate Petitioner for damages to the insured properties, as required by the Policies, Defendant breached the insurance contracts.

**34.**

Petitioner has suffered and continues to suffer damages as a result of these breaches of the insurance contracts.

### B.  Bad Faith

**35.**

Petitioner realleges and re-avers the allegations contained in the above paragraphs as if restated herein.

**36.**

The actions and/or inactions of Defendant in failing to adequately compensate Petitioner for the covered losses under the Policies were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

**37.**

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious, or without probable cause is in violation of La. R.S. § 22:1973.

**38.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**39.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**40.**

Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Petitioner adequate payment in connection with his damages, despite having received satisfactory proof of loss following its own inspection(s) of the Property and following receipt of independent proofs of loss from Petitioner.

**41.**

Defendant's misrepresentation of the terms of the Policies was in bad faith.

**42.**

Defendant's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claim(s) was in bad faith.

**43.**

Defendant's handling of Petitioner's claim was in bad faith.

**V. DAMAGES**

**44.**

Petitioner realleges and re-avers the allegations contained in paragraphs above, as if restated herein.

**45.**

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Petitioner has incurred the following, non-exclusive, damages:

a. Diminution of the value of the insured properties;

b. Actual repair costs;

c. Reimbursement for personal repairs/ mitigation at the insured properties;

d. Actual costs related to personal property manipulation, cleaning, repair, and/ or replacement;

e. Additional living expenses;

f. Mental anguish;

g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**46.**

Petitioner requests a trial by jury.

**WHEREFORE,** Petitioner, Wesley Blocker, prays that Defendant, Liberty Mutual Insurance Company, be served with a copy of this Petition and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Petitioner, Wesley Blocker, against Defendant, Liberty Mutual Insurance Company, in an amount that will fully and fairly compensate Petitioner pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

RESPECTFULLY SUBMITTED:

_____

Galen M. Hair, La. Bar No. 32865
Jessica M. Natal, La. Bar No. 41358
**HAIR SHUNNARAH TRIAL**
**ATTORNEYS, LLC**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM**
**LAWYERS, INC.**
3001 17th Street
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351
hair@hstalaw.com
jnatal@hstalaw.com

**Please Serve:**

**Liberty Mutual Insurance Company**
*Through its Registered Agent for Service of Process:*
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

**RETURN COPY**



**D15729346**

# CITATION

| | |
|---|---|
| **WESLEY BLOCKER** | **NUMBER C-757363  "23"** |
| (Plaintiff) | |
| | **19TH JUDICIAL DISTRICT COURT** |
| **VS** | |
| | **PARISH OF EAST BATON ROUGE** |
| **LIBERTY MUTUAL INSURANCE** | |
| **COMPANY** | **STATE OF LOUISIANA** |
| (Defendant) | |

TO:  **LIBERTY MUTUAL INSURANCE COMPANY**
**THROUGH AGENT: CORPORATION SERVICE COMPANY**
**450 LAUREL ST, 8TH FLOOR**
**BATON ROUGE,  LA 70801**

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party.  Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1. **21 DAYS** of the date you were served with the petition; **OR**
2. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court. This citation was issued by the Clerk of Court for East Baton Rouge Parish on **JANUARY 3, 2025.**

*Rosheolah Carter*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: **HAIR, GALEN M.**
*The following documents are attached:

**PETITION FOR DAMAGES**

<hr>

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____  I made service on the named party through the

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same **CORPORATION SERVICE COMPANY**
_____, a person of suitable age and discretion residing in the said domicile at _____

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____  **JAN 08 2025**
by tendering a copy of this document to
**DUE AND DILIGENT:**     After diligent search and inquiry, was unable to find the within named _____—True at his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____.     DY. B. GARAFOLA #0577
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

SERVICE:$_____
MILEAGE$_____              _____
TOTAL:  $_____                    Deputy Sheriff
                          Parish of East Baton Rouge

**CITATION-2000**

RECEIVED
East Baton Rouge Sheriff Office
JAN 07 2025

**RETURN COPY**



**D15729346**

# CITATION

| | |
|---|---|
| WESLEY BLOCKER<br>**(Plaintiff)** | **NUMBER C-757363  "23"** |
| | **19TH JUDICIAL DISTRICT COURT** |
| **VS** | |
| | **PARISH OF EAST BATON ROUGE** |
| **LIBERTY MUTUAL INSURANCE<br>COMPANY**<br>**(Defendant)** | **STATE OF LOUISIANA** |

TO: **LIBERTY MUTUAL INSURANCE COMPANY**
**THROUGH AGENT: CORPORATION SERVICE COMPANY**
**450 LAUREL ST, 8TH FLOOR**
**BATON ROUGE,  LA 70801**

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party.  Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1. **21 DAYS** of the date you were served with the petition; **OR**
2. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court. This citation was issued by the Clerk of Court for East Baton Rouge Parish on **JANUARY 3, 2025**.

*Rasheedah Carter*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: **HAIR, GALEN M.**
*The following documents are attached:

PETITION FOR DAMAGES
_____
**SERVICE INFORMATION:**
_____

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____   I made service on the named party through the

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of   **CORPORATION SERVICE COMPANY**
_____, a person of suitable age and discretion residing in the said domicile at _____

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____   **JAN 08 2025**
by tendering a copy of this document to
**DUE AND DILIGENT:**        After diligent search and inquiry, was unable to find the within named _____   _____ at his domicile, or anyone legally authorized to represent him.                                                                                    True

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.   DY. B. GARAFOLA #0577
_____   _____
                                                                                    Deputy Sheriff, Parish of East Baton Rouge, Louisiana
SERVICE:$_____
MILEAGE$_____         _____
TOTAL:  $ _____                  Deputy Sheriff
                                Parish of East Baton Rouge

**CITATION-2000**

RECEIVED
East Baton Rouge Sheriff Office
JAN 07 2025

**RETURN COPY**



**D15729346**

# CITATION

WESLEY BLOCKER
(Plaintiff)

VS

LIBERTY MUTUAL INSURANCE
COMPANY
(Defendant)

NUMBER C-757363   "23"

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  LIBERTY MUTUAL INSURANCE COMPANY
      THROUGH AGENT: CORPORATION SERVICE COMPANY
      450 LAUREL ST, 8TH FLOOR
      BATON ROUGE,  LA 70801

GREETINGS:

    Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party.  Please read the petition for information concerning any claims that may have been asserted against you.

    Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
    **1.** **21 DAYS** of the date you were served with the petition; **OR**
    **2.** **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

    If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court. This citation was issued by the Clerk of Court for East Baton Rouge Parish on **JANUARY 3, 2025.**

*Rosheolah Carter*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: HAIR, GALEN M.
*The following documents are attached:

PETITION FOR DAMAGES
_____

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as
follows:                                                                                                   I made service on the named party through the
PERSONAL SERVICE: On the party herein named at _____    **CORPORATION SERVICE COMPANY**

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of
_____, a person of suitable age and discretion residing in the said domicile at _____    **JAN 08 2025**

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____    by tendering a copy of this document to

DUE AND DILIGENT:    After diligent search and inquiry, was unable to find the within named _____   Truit at his domicile, or anyone
legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20____.    **DY. B. GARAFOLA #0577**
                                                                                                   Deputy Sheriff, Parish of East Baton Rouge, Louisiana

SERVICE:$_____
MILEAGE$_____        _____
TOTAL:  $_____             Deputy Sheriff
                                         Parish of East Baton Rouge

CITATION-2000

RECEIVED
East Baton Rouge Sheriff Office
JAN 07 2025